■ In the Matter of MARY C. DeNICOLA, Appellant, v NICHOLAS SCARPELLI et al., Constituting the Board of Zoning Appeals of the Incorporated Village of New Hyde Park, Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents, as members of the Board of Zoning Appeals of the Incorporated Village of New Hyde Park, dated September 15, 1983, which, after a hearing, imposed certain limiting conditions upon the granting of the petitioner's application for a special use permit, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Yachnin, J.), dated March 11, 1988, as dismissed that branch of her petition which was to review the September 15, 1983, determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the petition is granted to the extent that the respondents' determination dated September 15, 1983, is annulled, and the conditions imposed are vacated.

Since 1947 when a certificate of occupancy was obtained, the petitioner, together with her now deceased husband, has used the property in question as a motor vehicle service station, with certain bays used for the repair of motor vehicles. In 1956, a second certificate of occupancy was issued for an extension of the service station, consisting of an additional repair bay. Both of the certificates of occupancy certified that the premises "conform[ed] substantially to the plans and

specifications of [the approved] Application * * * and to all the requirements of the Building Zone Ordinances of the Village of New Hyde Park".

In 1981, the Village of New Hyde Park Zoning Inspector issued letters of violations contending that the petitioner's performance of repairs on the premises constituted a "motor vehicle repair shop" which required the issuance of a special use permit under the current zoning ordinance. According to the petitioner, in response to the violation letters, she informed the Village Zoning Inspector that the two certificates of occupancy issued in 1947 and 1956 constituted proof that the permission required by the zoning ordinance then in effect had been obtained. However, the Village of New Hyde Park Zoning Inspector told her that the village could not find any record of the "permit[s]" issued by the then Board of Zoning Appeals. Consequently, the petitioner filed an application for a permit so that the village "could complete their 'missing records' ".

At the hearing on the petitioner's application, the petitioner reiterated her claim that the certificates of occupancy evidenced that the necessary permission was granted by the then Board of Zoning Appeals, as required by the then applicable Village Building Zone Ordinance. In addition, the hearing testimony established that (1) the petitioner's use of the premises, including the repair of motor vehicles, was consistent with the certificates of occupancy, and apparently with the current zoning law, which permitted the "mechanical servicing, lubricating, repair or maintenance of * * * motor vehicle[s] or their components, systems or parts" in a motor vehicle service station (see, Local Laws, 1982, No. 6 of Incorporated Village of New Hyde Park), and (2) the petitioner did not use the premises for "construction, reconstruction, repair, modification, rebuilding, painting or repainting of the body, chassis or other structural parts, systems or components of motor vehicles which have been damaged", which would require a "motor vehicle repair shop" special use permit under the current zoning law (see, Local Laws, 1982, No. 6 of Incorporated Village of New Hyde Park).

The respondents, as members of the Board of Zoning Appeals, rejected the petitioner's contention with respect to the effect of the certificates of occupancy and, in granting her a special use permit for a motor vehicle service station, imposed new restrictions on her use of the property.

We agree with the petitioner that the certificates of occupancy, which state on their face that the premises conform "to

all the requirements of the Building Zone Ordinances", establish the legality of the use of the premises as a motor vehicle service station, including the ancillary use for the repair of motor vehicles *(see also, Matter of Bekermus v Nardy,* 123 Misc 2d 378; *see generally,* 3 Anderson, American Law of Zoning § 19.03 [2d ed]). In this respect, we note the respondents concede that the certificates of occupancy are valid. Thus, absent a claim that the certificates of occupancy were not issued legally, the respondents' determination that a new permit application was required does not have a substantial basis in the record. Accordingly, that branch of the petition which requested review of the respondents' determination dated September 15, 1983, which placed new restrictions on the petitioner's use of the property is granted, the determination is annulled, and the conditions imposed are vacated. Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.